IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| INTERNET ACCESS SERVICE PROVIDERS LLC, ) ) ) | |
| Plaintiffs, ) | Case No. CV05-40-S-EJL |
| ) | |
| vs. ) | MEMORANDUM DECISION & ORDER |
| ) | |
| REAL NETWORKS, INC., ) ) | |
| Defendant. ) ) | |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant, Real Networks Inc., moved to dismiss the Complaint filed by Plaintiff, Internet Access Service Providers LLC. In response, Plaintiff filed a motion for leave to file a First Amended Complaint and also a memorandum in opposition to Defendant's Motion to Dismiss. Defendant then filed a reply that pointed its 12(b)(6) motion at Plaintiff's First Amended Complaint. No further briefing was submitted and the motions are now ripe. The Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, these matters shall be decided on the record before this Court without a hearing

**Discussion**

Given the Plaintiff's effort to cure any alleged deficiencies by submission of a First Amended Complaint, and the Defendant's opportunity in its reply to address the same, the Court will grant the Plaintiff's Motion for Leave to Amend and consider the Defendant's Motion to Dismiss in the context of the claims set forth in the Plaintiff's First Amended Complaint.

On a motion to dismiss, the Court's review is generally limited to the contents of the complaint. Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir.1996).  The Court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the nonmoving party." Id. The Court is not required, however, to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.  See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999).

In the First Amended Complaint, Plaintiff brings two causes of action against Defendant pursuant to a recently enacted federal law known as the Controlling the Assault of Non-Solicited Pornography and Marketings Act of 2003 (hereinafter, "CAN-SPAM"), 15 U.S.C. § 7701 et seq. In particular, in the first cause of action Plaintiff alleges it received one email addressed to "somebody@firm.com" that violates § 7704(a)(1) of CAN-SPAM. (First Am. Compl ¶ 31). In the second cause of action, Plaintiff alleges a violation of § 7704(b)(1)(A)(ii) of CAN-SPAM.

CAN-SPAM imposes certain requirements on those who "initiate the transmission . . . of commercial electronic mail message[s]." 15 U.S.C. § 7704(a). Pursuant to § 7704(a)(1), a commercial e-mail message must not contain materially false or misleading "header information."[1] The only falsity Plaintiff alleges in its first cause of action, however, concerns a statement made by Defendant in the body of the email.  (First Am. Compl ¶¶ 24, 27, 28, & 32). This allegation, even if true, is not a violation of § 7704(a)(1). Similarly, Plaintiff alleges a violation of § 7704(b)(1)(A)(ii) in the second cause of action but fails to set forth any facts which, if proved, would establish a claim under that section.

Ordinarily, when the Court determines dismissal is proper for failure to state a claim, it will afford the plaintiff an opportunity to amend the complaint. In this case, however, Plaintiff already

---

[1] "'Header information' means the source, destination, and routing information attached to an electronic mail message, including the originating domain name and originating electronic mail address, and any other information that appears in the line identifying, or purporting to identify, a person initiating the message." 15 U.S.C. § 7702(8)

has been given leave to file an amended complaint in the face of Defendant's Motion to Dismiss. It is within the context of the First Amended Complaint that Plaintiff fails to make out a claim to bring any federal cause of action. Thus, the Court concludes that any further attempt by Plaintiff to amend its complaint would be futile. See, e.g., Wagh v. Metris Direct, Inc., 363 F.3d 821, 830 (9th Cir. 2003) ("The district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously filed an amended complaint."), cert. denied, 124 S.Ct. 2176 (2004). Accordingly, the Court will dismiss the Plaintiff's federal based claims with prejudice.[2]

Defendant also challenges the viability of Plaintiff's state law claims. The Court's jurisdiction over Plaintiff's state law claims is supplemental in nature.[3] See 28 U.S.C. § 1367(a). Now that Plaintiff's federal claims are to be dismissed, the Court must consider whether it is appropriate to retain supplemental jurisdiction over the pendant state law claims. See 28 U.S.C. § 1376(c)(3). "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Acri v. Varian Assoc., Inc., 114 F.3d 999, 1001 (9th Cir.1997) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)).

Here, Plaintiff's state law claims raise novel and complex issue of Idaho law which the Court finds as a matter of comity should be addressed by the state courts.[4] See id. Accordingly, pursuant to § 1367(c)(3) the Court declines to assert jurisdiction over Plaintiff's pendent state law

---

[2] Defendant asks for an award of legal fees and costs. Given the relatively new and uncertain scope of the CAN-SPAM Act, the Court declines to exercise the discretion it may have under the applicable rules and statutes to make such an award in this particular case,.

[3] Although the parties are diverse, the Plaintiff does not allege an amount in controversy in excess of the jurisdictional minimum or otherwise attempt to establish jurisdiction in federal court over the state law claims by any means other than by supplemental jurisdiction.

[4] In doing so, the Court is mindful that: "Federalism concerns require that we permit state courts to decide whether and to what extent they will expand state common law. . . . [The federal court's] role is to apply the current law of the jurisdiction, and leave it undisturbed. . . . Absent some authoritative signal from the legislature or the state courts, [there is] no basis for even considering the pros and cons of innovative theories. [Federal courts] must apply the law of the forum as we infer it presently to be, not as it might come to be. " City of Philadelphia v. Lead Indus. Ass'n, 994 F.2d 112, 123 (3d Cir.1993) (citations omitted).

claims and they will be dismissed without prejudice to Plaintiff refiling such claims in state court. See Wagh, 363 F.3d at 832.

# ORDER

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that

1. The referral of non-dispositive pretrial matters to the United States Magistrate Judge is **WITHDRAWN**;

2. The Plaintiff's Motion for Leave to File First Amended Complaint (docket no. 10) is **GRANTED** and it shall be filed forthwith;

3. The Defendant's Motion to Dismiss (docket no. 5) is **GRANTED** as follows: the First and Second federal claims for relief set forth in Plaintiff's First Amended Complaint are **DISMISSED with prejudice**; all other state law claims for relief set forth in Plaintiff's First Amended Complaint are **DISMISSED without prejudice** to refiling in state court; and

4. The above entitled action is terminated.

DATED:  **May 25, 2005**

_____
Honorable Edward J. Lodge
U. S. District Judge